Van Voorhxs, J.
(dissenting). Disbarment is more severe discipline than I think would have been imposed by the Appellate Division, except for a lurking suspicion that Mr. Dougherty delivered $5,000 to the former Auditor of Public Accounts of Illinois for some evil purpose. More than a year later, this Illinois State official came into bad odor when he was widely publicized as having embezzled a great deal of public money, for which he was sent to prison. This was a Nation-wide scandal. It is not likely that Mr. Dougherty would have been disbarred *871 except for the magnitude of this scandal and the resulting discredit of the recipient of this money who, at the time when the loan was made, was a powerful political figure in Illinois. There is no evidence in this record that Dougherty made this loan for any wrongful purpose.
The object in making the loan is a factor of much more importance than Mr. Dougherty’s attempt to conceal the transaction after the scandal had broken. He avers that his motive for concealment was the realization that anyone having had anything to do with Hodge would have been condemned in the minds of the public, however innocent the transaction might have been. As the pending disciplinary proceeding stands, the existence of any illicit relationship between appellant and Mr. Hodge is wholly conjectural. The disbarment of Mr. Dougherty leads me to believe that the Appellate Division acted on this conjecture. Some disciplinary action was doubtless in order, nor do 1 question the jurisdiction of the Appellate Division, nevertheless, disciplinary proceedings against attorneys must be conducted on the basis of facts established by evidence and not assumed on suspicion or surmise.
The order of disbarment should be reversed, and the proceeding remanded to the Appellate Division for reconsideration of the penalty to be imposed.
Order affirmed.